**MorrisonCohen** LLP

Jason P. Gottlieb<br>
Partner<br>
(212) 735-8837<br>
jgottlieb@morrisoncohen.com

December 16, 2021

**VIA ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

  Re: *Kent v. PoolTogether, Inc., et al.*, Case No. 21-CV-6025-FB-CLP

Dear Judge Block:

  We represent Defendant Compound Labs, Inc. ("Compound Labs") in the above-captioned litigation. I write respectfully to request a pre-motion conference regarding Compound Labs' proposed motion to dismiss the Amended Complaint (ECF No. 18, the "Complaint" or the "Compl.") of Plaintiff Joseph Kent ("Plaintiff") as against Compound Labs.

  This litigation concerns an alleged "no-loss lottery" operated by defendant PoolTogether, Inc. ("PoolTogether"). Plaintiff alleges that under a no-loss lottery, "users deposit money with a counterparty and forgo the interest otherwise due on that money in exchange for a lottery ticket paying a prize valued at (roughly) the total amount of interest due to all depositers over the drawing period." Compl. ¶ 17. The Complaint alleges that users "send cryptocurrencies to PoolTogether's platforms," and "[e]ach dollar worth of value delivered to PoolTogether entitles the gambler to one 'ticket' for a lottery" drawn daily or weekly. *Id*. ¶¶ 24-25. PoolTogether in turn lends the funds it receives "to a 'liquidity pool' of cryptocurrencies from which unrelated people and entities can borrow or exchange cryptocurrencies." *Id*. ¶ 26. PoolTogether "pools all the interest and divides it among a pre-specified number of winning tickets, keeping up to 50% of the yield that would otherwise be due as prizes as a 'reserve' to generate more yield, supposedly for future prizes." *Id*. ¶ 27.

  According to the Complaint, Compound Labs "designed a protocol that allows individuals to loan their cryptocurrencies out and earn interest" (the "Compound Protocol"). Compl. ¶ 85. The Complaint alleges that cryptocurrency delivered by users to PoolTogether was staked onto the Compound Protocol software, but notably does not allege that the defendant <u>Compound Labs</u> operated any lottery, or received any cryptocurrency from Plaintiff.

  Plaintiff allegedly paid $10 worth of Gemini Dollars ("GUSD") to PoolTogether and received ten tickets in PoolTogether's GUSD lottery. Compl. ¶ 39. Shortly thereafter, Plaintiff

MorrisonCohen LLP

December 16, 2021
Page 2

brought this litigation against ten defendants, including Compound Labs. Plaintiff asserts one cause of action against all ten defendants: violation of New York General Obligations Law ("GOL") § 5-423.

Compound Labs will make four principal arguments to dismiss the claim against it. Each of these arguments stands independently and is sufficient by itself to dismiss the Complaint.

First, Compound Labs is not subject to suit under GOL § 5-423, because Plaintiff did not pay any money to Compound Labs, as is required by the statute. The statute unambiguously provides that "[a]ny person who shall have paid any money, or valuable thing, for a chance or interest in any lottery or distribution, prohibited by the penal law, may sue for and recover the same of the person to whom such payment or delivery was made" (emphasis added). The use of the singular word "the" before "person" demonstrates that the statute only applies to the singular legal person to whom the user paid money. *See Renz v. Grey Advert., Inc.*, 135 F.3d 217, 222 (2d Cir. 1997) ("Placing the article 'the' in front of a word connotes the singularity of the word modified."). The New York Court of Appeals has also explained that the earlier version of the statute "by necessary implication designates the seller as the person against whom the action is to be brought." *Grover v. Morris*, 73 N.Y. 473, 478 (1878). Based on the statute's plain language, the only party Plaintiff may sue – if Plaintiff has a claim as all – is the entity to whom Plaintiff made payment. Plaintiff does not allege (nor could he) that he paid anything to Compound Labs. Compound Labs should be dismissed.

Moreover, although Plaintiff doesn't explicitly bring a claim against Compound for aiding or abetting or conspiring with the other Defendants, any such claim would fail, because GOL § 5-423 does not provide for secondary liability. A statute that provides for liability against only certain defendants does not support a claim for aiding and abetting or conspiracy against other defendants unless explicitly stated in the statute. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182 (1994) ("[W]hen Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors."); *Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 135 F.3d 837, 842 (2d Cir. 1998) ("[T]he reasoning leading to the Supreme Court's rejection of aiding and abetting liability under § 10(b) and Rule 10b-5 also applies to conspiracy.").

Second, Plaintiff conflates defendant Compound Labs (which is a company) with the Compound Protocol (which is no more than software on the internet). They are not the same thing. And there is no allegation that Compound Labs had any interaction with Plaintiff at all, such that it should be held liable under GOL § 5-423. Plaintiff makes this separation clear in ¶ 85 of the Complaint, where Plaintiff uses the word "Compound," and not "Compound Labs," which Plaintiff uses elsewhere (including in the prior and subsequent paragraphs). The

Complaint's use of the two different terms also makes clear that "PoolTogether then loans its gamblers' cryptocurrencies out through" the Compound Protocol. (Compl. ¶ 85). Plaintiff cannot hold Compound Labs liable under GOL § 5-423 for anyone else's actions on the decentralized, autonomous software that is the Compound Protocol.

Third, even if Compound Labs were a proper defendant in this litigation, the Complaint against it should still be dismissed because the "lottery" allegedly operated by PoolTogether is not covered under GOL § 5-423. The term "lottery" is not defined in GOL § 5-423, but it is defined in the New York Penal Law as "an unlawful gambling scheme in which . . . the players pay or agree to pay something of value." Penal Law § 225.00(2) defines "gambling" as "a person engages in gambling when he stakes or risks something of value."

Here, the "lottery" is not covered by the statute because the users do not risk or stake anything of value. The Complaint concedes that users can "withdraw their money." Compl. ¶ 35. The Complaint concedes that PoolTogether touts that users do not "risk their capital." Compl. ¶ 18. The Complaint also compares PoolTogether to a "prize-linked savings account[]." Compl. ¶¶ 20-21. Unlike a traditional lottery, the users in PoolTogether's lottery can withdraw their money at any time, and thus don't pay or risk anything of value, as is required under the GOL and the Penal Law. There is no illegal gambling where "nothing of value was placed at risk by those who competed for the prizes." *Muidallap Corp. v. State Liquor Auth.*, 143 A.D.2d 9, 11-12 (1st Dep't 1988).

Finally, because Plaintiff did not actually risk any money, he has not suffered any injury, and thus does not have Article III standing. Any injury is "self-inflicted" and is not sufficient to confer standing. See *Taylor v. Bernanke*, No. 13-CV-1013, 2013 U.S. Dist. LEXIS 128533, *32–33 n.5 (E.D.N.Y. Sept. 9, 2013) ("[Plaintiffs] have alleged nothing that would prevent them from withdrawing their deposits and taking their money to other banks. . . . [Their] decisions whether to deposit their money in a bank at all and with which bank to enter into a commercial relationship are personal choices. Self-inflicted injury that results from a plaintiff's personal choices rather than a defendant's conduct will not confer standing."); *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 438 (S.D.N.Y. 2015) (no standing where "plaintiffs failed to allege that they lost any funds"). The "availability of statutory damages, without any injury, does not automatically confer standing." See *Katz v. Donna Karan Int'l, Inc.*, No. 14-cv-740-PAC, 2017 U.S. Dist. LEXIS 75299, *17–18 (S.D.N.Y. May 17, 2017).

We are available for a conference at the Court's convenience.

Respectfully submitted,

/s/ Jason P. Gottlieb

Jason P. Gottlieb