

Waymaker LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
T 424.652.7800

December 16, 2021

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via ECF*</u>

Hon. Frederic Block
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Joseph Kent v. PoolTogether, Inc., et al.</u>
      Case No. 21-CV-6025-FB-CLP

Dear Judge Block:

We write on behalf of Nascent US LLC ("Nascent"), one of ten defendants in this action, to request a pre-motion conference with the Court. Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), Nascent intends to file a motion to dismiss the amended complaint ("AC") filed by plaintiff Joseph Kent ("Plaintiff"), or in the alternative, a motion to compel arbitration. Nascent intends to join in certain arguments raised by other defendants,[1] and sets forth a summary of its arguments below, which would be briefed in detail in its own motion.

The Complaint alleges that Nascent "invested in" PoolTogether, Inc. ("PoolTogether") "with the purpose of promoting its illegal lottery", and it seeks to hold Nascent "jointly and severally liable" on conspiracy or aiding and abetting theories. (AC ¶¶ 8, 15, 114-120.) It alleges that "PoolTogether operates an illegal lottery from Brooklyn, New York" pursuant to which "users send cryptocurrencies to PoolTogether platforms" where assets are pooled for lending purposes and users are randomly selected to receive interest payments on those loans. (*Id*. ¶¶ 3, 24-28.) "Plaintiff Joseph Kent [allegedly] purchased ten tickets in a PoolTogether lottery on October 21, 2021, by delivering $10 worth of cryptocurrency to PoolTogether." (*Id*. ¶ 1.) Plaintiff, on behalf of himself and a putative class, asserts a single claim to recover "double the value of cryptocurrency that putative class members delivered to PoolTogether" under N.Y. Gen. Oblig. Law ("GOL") § 5-423, a lottery ticket refund statute. (*Id*. ¶¶ 114-120 & Prayer for Relief.)

As a threshold matter, Nascent intends to move to dismiss on the ground that it is not subject to personal jurisdiction. Contrary to the allegation that Nascent is "headquartered in Manhattan" (AC ¶ 8), Nascent does ***not*** and never had any company office in New York and no officers or directors of Nascent were or are based in this forum. Rather, it is a Delaware limited liability

---

[1] Nascent intends to join in arguments that Plaintiff – who concedes that users may "withdraw their money" at any time (AC ¶ 35) – lacks Article III standing because he has not suffered any injury; moreover, the allegations fail to establish that the software protocols at issue constitute a lottery under New York law. (*See* Dkt. Nos. 31, 35, 36, and 39.)



company with its principal place of business in Montreal, Canada. Accordingly, Nascent is not subject to general personal jurisdiction in New York. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (identifying place of incorporation and principal place of business as the two "paradigm bases" for exercising general jurisdiction over a corporation).

Moreover, there is not specific jurisdiction over Nascent in this District. Plaintiff's claims do not arise out of any business transactions conducted by, or tortious acts committed by, Nascent in this forum. In fact, Plaintiff has no alleged relationship with Nascent at all. Instead, the Complaint alleges that "all Defendants" are subject to jurisdiction because "they purposefully conspired to operate an illegal lottery by directing money into Brooklyn, New York" and "aided and abetted the operation of the illegal lottery" by PoolTogether. (AC ¶ 15; *see also id.* ¶¶ 8, 119 (alleging Nascent "invested" in PoolTogether and "assist[ed] PoolTogether with the design and operation[2] of its illegal lottery").) However, Nascent did not invest in PoolTogether. Nor does any entity affiliated with Nascent own any interests other than governance tokens for the software protocol. In any event, Plaintiff's allegations are legally insufficient to subject it to specific jurisdiction under New York's long-arm statute or constitutional due process standards. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018) (to establish personal jurisdiction on a conspiracy theory, a plaintiff must show that: "(1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state"); *Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 292 (S.D.N.Y. 2019).

Even assuming Nascent is subject to personal jurisdiction (and it is not), Nascent is not a proper defendant. The Complaint seeks to recover double the value of alleged lottery tickets, but it does not allege that Nascent received any payment from Plaintiff. GOL § 5-423 only permits a plaintiff to sue the person who received the purchase price; it states that "[a]ny person who shall have paid any money, or valuable thing, for a chance or interest in any lottery or distribution, prohibited by the penal law, *may sue for and recover the same of the person to whom such payment or delivery was made*." (Emphasis added.) By its plain language, the statute only allows recovery from the person to whom the lottery ticket "payment or delivery was made." *Id.*; *see also Jingrong v. Chinese Anti-Cult World Alliance, Inc.*, 16 F.4th 47, 57 (2d Cir. 2021) ("When interpreting a statute, we begin with the text. We must give effect to the text's plain meaning.").

Plaintiff's attempt to broaden the reach of Section 5-423 to impose secondary liability on Nascent under aiding and abetting or conspiracy theories (AC ¶¶ 116-119) should be rejected: the plain language of the statute allows recovery only from the person to whom "payment or delivery was made," and from no one else. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 1664, 182 (1994) ("[W]hen Congress enacts a statute under

---

[2] Notably, the Complaint inaccurately attributes a quote made by Dan Elitzer about a "collaboration" with PoolTogether to Nascent. (*See* AC ¶ 77.) At the time of this quote, Mr. Elitzer worked for an entirely different company, not Nascent or any Nascent-related company.

Case 1:21-cv-06025-FB-CLP   Document 42   Filed 12/16/21   Page 3 of 3 PageID #: 135



Hon. Frederic Block
December 16, 2021
Page 3 of 4

which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors."); *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 118, 123 (2d Cir. 2013) (refusing to find secondary liability where statute did not explicitly provide for it).

In any event, the Complaint fails to adequately allege aiding and abetting or conspiracy liability against Nascent.  The software protocol at issue does not qualify as a "lottery" under New York law, and there can be no conspiracy in the absence of an underlying tort.  *See In re Food Management Grp, LLC*, 380 B.R. 677, 703 (S.D.N.Y. 2008).  Moreover, "the elements of civil conspiracy are (i) facts constituting a common agreement or understanding, (ii) a common design or purpose to injure the plaintiff, (iii) the tortious or criminal act or acts committed in furtherance of the common agreement and purpose, (iv) the intent and knowledge of the defendants regarding the acts, and (v) damage or injury to the plaintiff as a result of the acts of the defendants." *Id.* at 704.  Plaintiff fails to allege that Nascent had any knowledge of the purported sale to Plaintiff at all, let alone that there was an agreement to sell or deliver any lottery tickets to Plaintiff, or that Nascent undertook any wrongful, overt act.  Plaintiff's "threadbare recitals" that Nascent purportedly gave PoolTogether money at its inception and assisted in its design in some unspecified way are insufficient to allege Nascent had actual knowledge or substantially assisted in any underlying wrong. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002); *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 856 (2d Cir. 2021) (aiding and abetting liability requires knowledge of and assistance in the principal violation).

Finally, if the Court does not dismiss the case, Nascent joins with PoolTogether in asking this Court to enforce the arbitration clause in PoolTogether's Terms of Service.  It is axiomatic that signatories to an arbitration agreement can be compelled to arbitrate their claims with a non-signatory where "the issues the nonsignatory is seeking to resolve in arbitration are intertwined with [an] agreement that the estopped party has signed." *Denney v. BDO Seidman*, LLP, 412 F. 3d 58, 70 (2d Cir. 2005).  That is the case here, where requiring Nascent to litigate this matter in the trial court while PoolTogether litigates the same matter against the same plaintiff(s) in arbitration, would result in repetitive actions.  Given that Plaintiff alleges that Nascent is jointly and severally liable with PoolTogether on conspiracy and aiding and abetting theories, Plaintiff's claims against Nascent and PoolTogether are inextricably tied together.

<p style="text-align:center">\*\*\*</p>

For all these reasons, Nascent respectfully requests permission to file a motion to dismiss the amended complaint, or in the alternative, a motion to compel arbitration.

Respectfully Submitted,

*[signature]*

Brian E. Klein
Teresa L. Huggins
WAYMAKER LLP