**PAUL HASTINGS**

1(212) 318-6483
kevinbroughel@paulhastings.com

January 28, 2022

**VIA ECF**

Hon. Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Defendants' Response to Plaintiff's Letter re "Supplemental" Complaint**
*Kent* v. *PoolTogether, Inc., et al.* - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)

Dear Judge Block:

We write on behalf of defendant PoolTogether, Inc. and defendants Leighton Cusack, Nascent US, LLC, Galaxy Digital Trading HK Limited, Maven 11 Capital BV, ParaFi Capital LP, Dragonfly Digital Management, LLC, and Compound Labs, Inc. (collectively, "Defendants") to respectfully request adjournment of the upcoming February 8, 2022 Pre-Motion Conference in view of Plaintiff's intention to seek leave to file a "supplemental" complaint alleging new facts, new claims, and new legal theories. While Defendants have not yet seen Plaintiff's proposed "supplemental" complaint or his proposed motion for leave to file it, based on his description of the proposed pleading in his letter (Dkt. No. 60), it appears it will be a substantial rewrite of the operative complaint, and therefore warrants adjournment of the conference.

By way of background, on October 29, 2021, Plaintiff filed a single-count Complaint (Dkt. No. 1) and subsequently on November 30, 2021, he filed an Amended Complaint (Dkt. No. 18) to change the name of one of the defendants. Plaintiff alleges that he deposited $10 of cryptocurrency into a protocol through the interface on PoolTogether, Inc.'s website (PoolTogether.com). Plaintiff claims he suffered financial injury by making this deposit, and that the cryptocurrency protocol constitutes an unlawful lottery under New York law.

Defendants filed their letters under Your Honor's Rules requesting a pre-motion conference on the dispositive motions they intend to file in response to the operative Amended Complaint, previewing the bases for the dispositive motions. *See* Dkt. Nos. 31, 35, 36, 39, 42, 44. The bases of these motions would include: (1) compelling arbitration based on the mandatory arbitration agreement in PoolTogether.com's Terms of Service; (2) seeking dismissal for lack of Article III standing because Plaintiff has suffered no injury as he can withdraw his $10 deposit from the protocol at any time; (3) seeking dismissal for lack of personal jurisdiction; and (4) seeking dismissal for failure to state a claim. Plaintiff responded with a 15-page letter on December 23, 2021. Dkt. No. 49. On January 4, 2022, Your Honor granted the requests for a pre-motion conference and set a conference for February 8, 2022, to discuss the dispositive

PAUL HASTINGS

Hon. Frederic Block
January 28, 2022

motions relating to the operative Amended Complaint.  Dkt. No. 51.

Plaintiff, apparently in response to the dispositive issues raised in Defendants' letters, now either requests permission to file a motion for leave or intends to file a motion for leave at some undetermined date to file a "supplemental" complaint purportedly under Fed. R. Civ. P. 15(d).  This "supplemental" complaint will allegedly add a "new claim" based on a *second deposit* into the cryptocurrency protocol on January 17, 2022 through a *different website* after initiating this litigation, during which Plaintiff asserts he avoided agreeing to an arbitration agreement.  Plaintiff also states he intends to assert a new "general partnership" theory of liability not previously asserted in his operative Amended Complaint, along with other new allegations.

Defendants to date have not formulated their respective positions on whether they will oppose Plaintiff's motion for leave as they have not yet seen Plaintiff's proposed "supplemental" complaint.  However, because it appears Plaintiff will be significantly altering his allegations and theories of liability, Defendants propose that Plaintiff should first file his anticipated motion for leave before the parties and the Court devote substantial time and resources addressing the dispositive issues relating to the facts, legal theories, and claim in the operative Amended Complaint at the upcoming Pre-Motion Conference.[1]

Therefore, Defendants respectfully request that the Court adjourn the February 8, 2022 Pre-Motion Conference.  Adjournment would allow the Court's attention to be most efficiently focused on whatever final form Plaintiff seeks for his evolving lawsuit.  To the extent that Plaintiff's letter is deemed to be a request for a pre-motion conference to request permission to file a motion for leave to supplement his Amended Complaint, Defendants oppose such a request, given that they have not seen the proposed "supplemental" pleading.  Insofar as Plaintiff is correct that no such pre-motion letter is required, Defendants request that the Court permit Defendants to file a substantive response once Plaintiff has provided his proposed motion and "supplemental" pleading.

Respectfully submitted,

/s/ Kevin P. Broughel
of PAUL HASTINGS LLP

---

[1] Defendants requested agreement from Plaintiff to adjourn the upcoming Pre-Motion Conference until after the motion is filed and ruled on, but Plaintiff refused.  *See also* Dkt. No. 60 at 1 ("Plaintiff would oppose any adjournment of the upcoming conference").