# EXHIBIT 4

5/18/2022, fairmarklaw.com Mail - RE: Kent v. PoolTogether, Inc., et al. - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)

Case 1:21-cv-06025-FB-CLP  Document 110-4  Filed 06/17/22  Page 2 of 5 PageID #: 844


Gmail

Rucha Desai <rucha@fairmarklaw.com>

## RE: Kent v. PoolTogether, Inc., et al. - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)

**Rucha Desai** <rucha@fairmarklaw.com>
To: Rucha Desai <rucha@fairmarklaw.com>

Wed, May 18, 2022 at 2:52 PM

> From: Behnam Dayanim <bdayanim@paulhastings.com>
> Date: Monday, December 20 2021 at 4:21 PM EST
> Subject: RE: Kent v. PoolTogether, Inc., et al. - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)
> To: Charlie Gerstein <charlie@gerstein-harrow.com>
> Cc: Jason Harrow <jason@gerstein-harrow.com>, Jamie Crooks <jamie@fairmarklaw.com>, Andy LeGolvan <andylegolvan@paulhastings.com>, Kevin P. Broughel <kevinbroughel@paulhastings.com>
>
>
> Charlie:
>
>
> I write in response to your letter of Friday to confirm that the terms of service with the arbitration provision were loaded and live on app.pooltogether.com as of 4:42 pm ET on October 20, 2021.  Those terms are presented at various stages of a user's interaction with the interface, **including** at the time of deposit or transfer.  Hence, your client would have been presented with them at the time he transferred his funds to the PoolTogether protocol on October 21.  (Note: there was a short time between 12:06pm EST and 12:27pm EST on October 21, when the terms were not displayed due to a maintenance-related issue, but they were up again and present at the time of your client's deposit.)
>
>
> Best wishes,
>
> Behn
>
>
> _____
>
> 
> Description: Paul Hastings LLP
>
> **Behnam Dayanim, Esq.**
> Paul Hastings LLP | 2050 M Street, N.W., Washington, DC 20036 | Direct: +1.202.551.1737 | Main: +1.202.551.1700 | Fax: +1.202.551.1705 | bdayanim@paulhastings.com | www.paulhastings.com | Twitter: @bdayanim and @PHPrivacy
>
>
> Subscribe to our blogs at www.caveat-vendor.com and www.PHPrivacy.com
>
>
>
> From: Charlie Gerstein <charlie@gerstein-harrow.com>
> Sent: Friday, December 17, 2021 3:57 PM
> To: Dayanim, Behnam <bdayanim@paulhastings.com>
> Cc: Jason Harrow <jason@gerstein-harrow.com>; Jamie Crooks <jamie@fairmarklaw.com>; LeGolvan, Andy <andylegolvan@paulhastings.com>; Broughel, Kevin P. <kevinbroughel@paulhastings.com>
> Subject: [EXT] RE: Kent v. PoolTogether, Inc., et al. - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)
>
>
> Behn,

Sincere apologies for the misspelling. A few clarifications.

My understanding is that one of the purposes of the pre-motion letter process is to encourage dialogues just like these: exchanges between counsel designed to ensure that motions appearing reasonable at first are not filed if they can instead be resolved through an exchange of information. That's all we're hoping for here.

We originally requested an answer today because pre-motion response timing is tight, and we view this as a straightforward factual question that would take only minutes to resolve. Your client knows when it changed its website, and, as I understand, an easily accessible record was generated when it did. Indeed, you told me that you learned at least something about this change history before filing your letter. Regardless of the basis for your *motion*, which we can discuss later, as it stands you have made a factual statement, above Kevin's signature, that may lack any basis in fact: that, at the relevant time, your client's website "conspicuously provided: 'By connecting a wallet, you agree to PoolTogether's Terms of Service.'" You know (you told me this too) that there was a time when your client's website didn't display that language, and then there was a time when it did; you can answer when the switch happened without knowing anything more from my client.

If your client's website didn't display the relevant language when Plaintiff connected his wallet, I think you ought to treat this as a matter of the foremost urgency, because your filing to the court would have been objectively wrong. At this point, it's clear that you have an obligation to determine whether that's the case. *See, e.g.*, Fed. R. Civ. P. 11 ("By presenting to the court a . . . paper . . . an attorney . . . certifies that to the best of the person's knowledge . . . formed *after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support." (emphasis added)).

I of course respect that you need to end the workday today by 4:30 for shabbat—or, frankly, for any reason—and we don't mean to say that there's some sort of deadline today. But we can't see any reason for this to take more than a few minutes to iron out. Let's resolve it Monday.

Finally, regarding our call, I don't believe I attempted to bind you to representations of any kind. Instead, I simply tried to memorialize our conversation in a standard post-call letter. You didn't say anything in the letter was inaccurate, and nothing is, but if you ask not to be "bound"--in some sense of that word–to what you say on the phone, that's fine by us.

Enjoy the weekend.

-Charlie


Charlie Gerstein

Gerstein Harrow LLP

202-670-4809

Gerstein-Harrow.com


On Fri, Dec 17, 2021 at 1:03 PM, Behnam Dayanim <bdayanim@paulhastings.com> wrote:

> Charlie, thank you for your letter.
>
> A few initial responses:
>
> 1.    First, we will not be in a position to resolve this today, and your expectation that we can or have some obligation to do so is patently unreasonable.  Among other things, we need to relay the information you have provided to our client and have an opportunity to discuss it with them, consider their responses and determine whether more factual information is required of your client in order to be able to respond.  Moreover, it is Friday afternoon, and my Fridays end early due to Shabbat observance (4:30 today).  If this causes you to feel that you need additional time to file a response to our letter, we would be happy to discuss that with you.

5/18/2022, Grimmlaw.com Mail - RE: Kent v. PoolTogether, Inc., et al. - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)

Case 1:21-cv-06025-FB-CLP Document 110-4 Filed 06/17/22 Page 4 of 5 PageID #: 846

2. Second, on our call today (which was made without any advance notice and lasted all of 6 minutes or so), I repeatedly disclaimed any ability to make any representation – period. I did share my understanding on a couple of points but with those caveats. As you might imagine, l have a large caseload and the facts of every case are not at my instant recall. (Or perhaps it's age…) I had thought I was responding as a professional courtesy in the hope of facilitating dialogue, as I generally like to do with opposing counsel in my matters. However, it seems I was mistaken and will keep that in mind for future communications. In any event, for all of these reasons, I will respectfully refrain from agreeing with your characterization of my comments.

3. Once we have had a chance to talk with PoolTogether, we will revert – possibly with more questions. Regardless, please rest assured that we do not make a practice of filing motions that do not "have any basis." Irrespective of the answers to your questions, we believe the motion is warranted.

4. Lastly, one minor point: my first name is spelled "Behnam" – "h" before "n". It's a common mistake and not a big deal, but I point it out for future reference.

Best wishes,

Behn

---

**Behnam Dayanim, Esq.**
Paul Hastings LLP | 2050 M Street, N.W., Washington, DC 20036 | Direct: +1.202.551.1737 | Main: +1.202.551.1700 | Fax: +1.202.551.1705 | bdayanim@paulhastings.com | www.paulhastings.com | Twitter: @bdayanim and @PHPrivacy

Subscribe to our blogs at www.caveat-vendor.com and www.PHPrivacy.com

---

**From:** Charlie Gerstein <charlie@gerstein-harrow.com>
**Sent:** Friday, December 17, 2021 12:44 PM
**To:** Broughel, Kevin P. <kevinbroughel@paulhastings.com>
**Cc:** Jason Harrow <jason@gerstein-harrow.com>; Jamie Crooks <jamie@fairmarklaw.com>; Dayanim, Behnam <bdayanim@paulhastings.com>; LeGolvan, Andy <andylegolvan@paulhastings.com>
**Subject:** [EXT] Re: Kent v. PoolTogether, Inc., et al. - Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)

Counsel,

Please find attached a letter regarding your request for a pre-motion conference. We'd like to resolve this today, so please don't hesitate to call me at 202-670-4809 if I may be helpful, and we appreciate your immediate attention to this matter.

-Charlie

Charlie Gerstein

Gerstein Harrow LLP

5/18/2022, Drimmklaw.com Mail - RE: Kent v. PoolTogether Inc., et al., Case No. 1:21-cv-06025-FB-CLP (E.D.N.Y.)

Case 1:21-cv-06025-FB-CLP Document 110-4 Filed 06/17/22 Page 5 of 5 PageID #: 847

202-670-4809

[Gerstein-Harrow.com](Gerstein-Harrow.com)

On Thu, Dec 16, 2021 at 2:58 PM, Kevin P. Broughel <[kevinbroughel@paulhastings.com](kevinbroughel@paulhastings.com)> wrote:

Counsel –

Attached please find defendant PoolTogether, Inc.'s pre-motion conference letter in the above-referenced matter.

Regards,

Kevin



**Kevin Broughel | Partner, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6483 | Main: +1.212.318.6000 | Fax: +1.212.230.7807 | [kevinbroughel@paulhastings.com](kevinbroughel@paulhastings.com) | [www.paulhastings.com](www.paulhastings.com)

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.