# EXHIBIT 5

# GERSTEIN HARROW LLP

Kevin Broughel
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
kevinbroughel@paulhastings.com

Benham Dayanim
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
bdayanim@paulhastings.com

*Via Email*

*Re: Response to December 27, 2021, Email Message,*

Dear Kevin and Ben,

Please find attached a link to a folder containing a few videos of our investigator returning to find his wallet still connected and proceeding through the PoolTogether money-transfer process. In a prior video, our investigator had previously manually disconnected his wallet so that he could capture the process of reconnecting and depositing money as it operates after PoolTogether changed it. This time, he manually connected a wallet; ended his website session and did several other things; and returned later to find his wallet still connected. Publicly accessible videos appear to show the same. Your statement that "generally if a user visits the website, connects a wallet, . . . ends the website session, and returns to the website to make a deposit, the user will have to reconnect the wallet before making the deposit" appears to be false, or at least an overstatement as to Kent, who did not fall within your asserted "genera[l]" case.

In your most-recent email, you write that "your letter [to the court] does not appear to address the error log evidence showing that Mr. Kent would have been required to reconnect before making his deposit on October 21, 2021 (EDT)." As an initial matter, this is false: In our letter to the court, we wrote that "PoolTogether offers purported evidence that Plaintiff's wallet failed to connect at some point during the process— thus supposedly giving rise to a circumstantial inference that he needed to reconnect it during that process—but PoolTogether apparently has no affirmative evidence that, indeed, Plaintiff was forced to reconnect." Regardless, you now ask whether "Mr. Kent [can] confirm whether or not he was required to reconnect his wallet on October 21, 2021, before making the deposit that date." He can confirm that he was *not* required to and did not reconnect his wallet before making the deposit on October 21.



**Charlie Gerstein,** *Partner*
charlie@gerstein-harrow.com
202-670-4809

611 Pennsylvania Ave. SE, No. 317
Washington, DC 20003
gerstein-harrow.com

# Gerstein Harrow LLP

You now contend that it is "not debatable" that Kent "would have" been "required to reconnect." But all you offer in support of that is a log showing some sort of "fetch" error, which, you contend, conclusively shows that Kent's wallet failed to connect automatically at some point. Setting aside that we, of course, don't just take your word for it—after all, you've made at least two factual statements regarding PoolTogether's connection process that you've subsequently abandoned as totally lacking in factual support, and you've made a third that appears false to us—I can easily think of a solid handful of ways that your evidence (and theory of that evidence) is consistent with Kent not having to manually reconnect his wallet on October 21, as he in fact did not.

Only discovery, we think, is sufficient to resolve that dispute now. As we mentioned after our letter to the court, we'd like to discuss a way to move forward with that process. Tentatively, we think the most efficient route is to first see if the Court is inclined to compel arbitration even *given* your version of the facts (think: motion to dismiss your motion to compel), for if we're likely to win anyway, we might as well all spare ourselves the wasted time and money fighting over how PoolTogether's site worked. Then, assuming the court would agree with your legal conclusion given your version of the facts, we can conduct discovery to see if you could prove that version such that no reasonable factfinder could agree with us (think: motion for summary judgment regarding your motion to compel). At the moment, we don't see how that could be so, but we haven't yet done discovery.

We have a Rule 26(f) conference required by court order as it is. Please treat this as part of the initial discussions leading to that conference. We will circulate a broader email to other counsel regarding dates for the conference and an agenda to proceed efficiently.

Sincerely,

Charlie Gerstein
January 3, 2021



**Charlie Gerstein,** *Partner*
charlie@gerstein-harrow.com
202-670-4809

611 Pennsylvania Ave. SE, No. 317
Washington, DC 20003
gerstein-harrow.com