# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KENT,<br><br>        Plaintiff,<br><br>v.<br><br>POOLTOGETHER, INC.; DHARMA LABS, INC.; OZONE NETWORKS, INC.; LEIGHTON CUSACK; KAIN WARWICK; STANISLAV KULECHOV; DRAGONFLY DIGITAL MANAGEMENT, LLC; NASCENT US, LLC; MAVEN 11 CAPITAL, BV; GALAXY DIGITAL TRADING HK LIMITED, LP; PARAFI CAPITAL, LP; and COMPOUND LABS, INC.,<br><br>        Defendant. | Case No. 1:21-CV-6025-FB-CLP<br>CLASS ACTION |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE**

Plaintiff submits this Notice of Supplemental Authority to apprise the Court of recent authority from a federal agency that is directly relevant to a key issue in this case: namely, whether certain defendants are members of a general partnership.[1]

In this case, Plaintiff Joe Kent alleges that the PoolTogether DAO ("Decentralized Autonomous Organization") is a general partnership under New York law because it is an unincorporated association of individuals working jointly for profit. (*See* Second Amended Complaint, ECF No. 63 at ¶¶ 58–83.) Defendants disagree and have argued repeatedly that "there has *never* been a case finding that community members of a DAO are operating as general partners" (Nascent Reply, ECF No. 99 at 7 (emphasis in original)). That statement is now no longer accurate, at least if it includes actions of the federal agency that is the primary regulator of cryptocurrency products.

On September 22, 2022, after briefing was completed on the pending motions in this case, the Commodity Futures Trading Commission issued an "order instituting proceedings pursuant to Section 6(c) and (d) of the Commodity Exchange Act, making findings, and imposing remedial sanctions . . . against bZeroX LLC, Tom Bean, and

---

[1] The Federal Rules are silent with respect to the procedure for filing notices of supplemental authority, but, in this District and elsewhere, "[i]t is fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete." *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016) (quotation marks omitted) (denying motions to strike notices of supplemental authority). The Court can "take note of those [new authorities] and consider them to the extent they are relevant." *Id.*
  Plaintiffs do not object to any or all Defendants filing a short response to this Notice, individually or as a group.

Kyle Kistner," who jointly created and controlled a DAO that the CFTC determined had been unlawfully dealing in unregistered commodities futures. *See* Ex. A, *In the Matter of bZeroX LLC*, CFTC Dkt. No. 22-31 (CFTC Sept. 22, 2022) ("CFTC Order"). The CFTC held that the DAO at issue in that case, called the Ooki DAO, "is an unincorporated association comprised of holders of Ooki DAO Tokens ('Ooki Tokens') who vote those tokens to govern (e.g., to modify, operate, market, and take other actions with respect to) the [Ooki DAO].)" (CFTC Order at 2 n.2.) Thus, the CFTC held personally liable two holders of Ooki Tokens. (*See* CFTC Order at 9–11 (going through similar reasoning to that of Plaintiff with respect to legal status of DAOs).)

The CFTC's reasoning was correct, and the same principles apply here, as already explained at length in Plaintiffs' Combined Memorandum of Law in Opposition to Defendants' Motions to Dismiss. (ECF No. 108.)

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
810 7th Street, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.,
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

James Crooks
FAIRMARK PARTNERS, LLP
1825 7th St. NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiff*