

Jason P. Gottlieb<br>
Partner<br>
(212) 735-8837<br>
jgottlieb@morrisoncohen.com

October 7, 2022

**VIA ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

    Re:    *Kent v. PoolTogether, Inc., et al.*, Case No. 21-CV-6025-FB-CLP

Dear Judge Block:

    I write on behalf of all Defendants in response to Plaintiff's Notice of Supplemental Authority in Opposition to Defendants' Motions to Dismiss and Motions to Strike filed on September 20, 2022 (ECF No. 118), attaching an unrelated September 22, 2022 settlement order (the "CFTC Settlement") between the CFTC and bZeroX, LLC and two individuals (the "CFTC Respondents"). The CFTC Settlement asserts that the individuals were liable for debts of a "decentralized autonomous organization" ("DAO") called the Ooki DAO, formed to operate the blockchain protocol at issue in the CFTC Settlement. Plaintiff cites the CFTC Settlement in an attempt to buttress his deficient argument that certain Defendants in the instant matter are, merely by virtue of their alleged possession of POOL tokens, acting as general partners and are jointly and severally liable for any violation of GOL § 5-423.[1]

    <u>First</u>, the CFTC Settlement is not a "supplemental authority." It is not authority of any kind at all. It is not a court decision. It is a settlement. And it explicitly states that the CFTC Respondents did not admit or deny any of the findings or conclusions therein. Accordingly, it has no precedential value in this case. *Cf. In re Platinum and Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011) ("Although the CFTC Order included certain factual findings, it nevertheless was the product of a settlement between the CFTC and the Respondents, not an adjudication of the underlying issues in the CFTC proceeding").

    <u>Second</u>, the facts stipulated to in the CFTC Settlement are materially different from those alleged in the Second Amended Complaint here. As just one example, according to that CFTC Settlement, the Ooki DAO "generates revenue, [and] <u>has distributed revenue to its

---

[1] Plaintiff has not alleged that Defendants PoolTogether, Inc., Dharma Labs, Inc., Ozone Networks, Inc., or Compound Labs, Inc. are members of the supposed general partnership. Thus, Plaintiff's Notice of Supplemental Authority does not affect those Defendants.

**MorrisonCohen**LLP

October 7, 2022
Page 2

members in various forms." CFTC Settlement at 11 (emphasis added). By contrast, as explained in Defendants' respective Motion to Dismiss briefing, there are no allegations in the Second Amended Complaint concerning any agreement to split any profits generated by the PoolTogether Protocol, or even that there were any profits to split – the touchstone of a New York partnership. *See, e.g.*, ECF No. 98 at 17-18; ECF No. 99 at 8-9; ECF No. 100-1 at 19-20; ECF No. 100-3 at 6-8; ECF No. 102-2 at 7-8.

Third, the CFTC Settlement specifically states that the *sine qua non* of being included as a member of the DAO sufficient to trigger liability for DAO actions is the act of voting tokens to govern the DAO. *See* CFTC Settlement at 11. The CFTC Settlement explicitly defines the Ooki DAO as an unincorporated association comprised of that specific subset of tokenholders "who vote those tokens to govern (e.g., to modify, operate, market, and take other actions with respect to)" the Ooki protocol. CFTC Settlement at 2 n.2. In contrast, the Second Amended Complaint here does not allege that most Defendants actually voted any POOL tokens to govern the PoolTogether DAO, and does not allege that other Defendants even ever held POOL tokens.

Accordingly, even if this Court considered a no-admit/no-deny settlement on significantly different facts as any kind of "authority" (which it decidedly is not), it still does not overcome the inescapable conclusion, as set forth in detail in the Motions to Dismiss, that Plaintiff has not pleaded that any Defendant here fits the definition of a general partner. In the end, then, Plaintiff's "supplemental authority" merely confirms that the Second Amended Complaint should be dismissed.

Respectfully submitted,

/s/ Jason P. Gottlieb

Jason P. Gottlieb

CC: All Counsel of Record (via ECF)