IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KENT,<br><br>        Plaintiff,<br><br>    v.<br><br>POOLTOGETHER, INC.; DHARMA LABS, INC.; OZONE NETWORKS, INC.; LEIGHTON CUSACK; KAIN WARWICK; STANISLAV KULECHOV; DRAGONFLY DIGITAL MANAGEMENT, LLC; NASCENT US, LLC; MAVEN 11 CAPITAL, BV; GALAXY DIGITAL TRADING HK LIMITED, LP; PARAFI CAPITAL, LP; and COMPOUND LABS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:21-CV-6025-FB-CLP<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE**

1

Plaintiff submits this Third Notice of Supplemental Authority to apprise the Court of recent authority from a federal district court that is directly relevant to a key issue in this case: namely, whether certain defendants are members of a general partnership.[1]

On September 30, 2022, Plaintiff noticed this Court that the CFTC had concluded that a DAO like the one in this case was found to be an unincorporated association under state law. (ECF No. 118 at 3.) The CFTC also brought an action in federal district court against that same DAO. On December 20, 2022, in an order approving service on the defendant DAO, the United States District Court for the Northern District of California agreed that "the CFTC sufficiently alleged, for the purposes of their service motion, that Ooki DAO is an unincorporated association under state law." (*See* ECF No. 118-1 at 10:11–12.) On January 3, 2023, Plaintiffs noticed this Court of that decision. (ECF No. 123.) Defendants, in response, noted only that "The Service Order is an order regarding service of a summons and complaint. The District Court in that matter has not yet ruled on any substantive motions." (ECF No. 126.)

---

[1] As explained in Plaintiffs' first and second notices (ECF Nos. 118, 123), the Federal Rules are silent with respect to the procedure for filing notices of supplemental authority, but, in this District and elsewhere, "[i]t is fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete." *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016) (quotation marks omitted) (denying motions to strike notices of supplemental authority). The Court can "take note of those [new authorities] and consider them to the extent they are relevant." *Id.*

Once again, Plaintiff does not object to any or all Defendants filing a short response to this Notice, individually or as a group.

On March 27, 2023, the United States District Court for the Southern District of California denied a substantive Rule 12(b)(6) motion filed by the partners in the Ooki DAO, concluding that materially identical facts were "sufficient to allege that a general partnership existed among [governance] tokenholders." (Attached Order at 17:27–28.) The complete order is attached.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
810 7th Street, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.,
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

*/s/ James Crooks*
James Crooks
(*pro hac vice*)
FAIRMARK PARTNERS, LLP
1825 7th St. NW, #821
Washington, DC 20001
jamie@fairmarklaw.com
(619) 507-4182

*Attorneys for Plaintiff*