**Morrison Cohen LLP**

Jason P. Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

April 12, 2023

**VIA ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Re:   *Kent v. PoolTogether, Inc., et al.*, Case No. 21-CV-6025-FB-CLP

Dear Judge Block:

I write on behalf of all Defendants in response to Plaintiff Joseph Kent's ("Plaintiff") Third Notice of Supplemental Authority in Opposition to Defendants' Motions to Dismiss and Motions to Strike, filed on April 3, 2023 (ECF No. 129), attaching an order (the "bZx Order") granting in part and denying in part the defendants' motions to dismiss in unrelated litigation in the United States District Court for the Southern District of California captioned *Sarcuni v. bZx DAO*, Case No. 22-cv-618-LAB-DEB (S.D. Cal.).

The bZx Order found that the complaint in that case pleaded facts sufficient to allege that the so-called "bZx DAO" was a general partnership and that certain defendants who held the bZx DAO governance tokens were general partners (the "Alleged Partners"). Because the complaint stated a claim of negligence against the bZx DAO, the court declined to grant the motions to dismiss of the Alleged Partners.

Plaintiff here cites the bZx Order in an attempt to buttress his deficient argument that certain Defendants in the instant matter are, merely by virtue of their alleged possession of POOL tokens, acting as general partners and are jointly and severally liable for any violation of GOL § 5-423.[1]

The bZx Order of course is not binding on this Court. Nor is it persuasive authority, given that it is legally and factually distinguishable from the instant matter. The bZx Order analyzed the question of whether or not the bZx DAO, based upon the particular facts and circumstances alleged in that case, could be a general partnership under California statutory partnership law.

---

[1]   Plaintiff has not alleged that Defendants PoolTogether, Inc., Dharma Labs, Inc., Ozone Networks, Inc., or Compound Labs, Inc. are members of the supposed general partnership. Thus, Plaintiff's Third Notice of Supplemental Authority does not affect those Defendants.

MorrisonCohen LLP

April 12, 2023
Page 2

*See* bZx Order at 12.  Plaintiff here, by contrast, asserts that the PoolTogether protocol is a general partnership under New York law.

The two states' partnership laws differ in meaningful ways.  For example, the bZx Order states that California law minimizes the role of profit sharing as a determinative factor, and instead finds that participation in management is "virtually essential" to a finding of a general partnership.  bZx Order at 13.  California partnership law also does not require an express agreement to bear losses, because a "provision to share losses may be implied."  bZx Order at 16 (citation omitted)   In contrast, New York law provides that an agreement to <u>both</u> "share in the profits of the business and submit to the burden of making good the losses" is an "indispensable element" of a general partnership.  *Slabakis v. Schik*, 164 A.D.3d 454, 455 (1st Dep't 2018) (brackets and emphasis omitted).

The facts underlying the bZx Order are also materially different from those alleged here.  For example, the bZx Order states that there were sufficient allegations that the bZx DAO actually generated profits, and that "tokenholders can share in the DAO's profits either by voting to distribute treasury assets among themselves or via an interest-generating token."  bZx Order at 14-16.  Likewise, the CFTC settlement order, of which the bZx court took judicial notice (the "CFTC Settlement"),[2] bZx Order at 4 n.1, states that the bZx DAO's successor, the "Ooki DAO," "generates revenue, has distributed revenue to its members in various forms, [and] offers ownership rights."  CFTC No. 22-31, 2022 WL 4597664 (Sept. 22, 2022) at 10.  By contrast, as explained in Defendants' respective Motions to Dismiss, there are no allegations in the Second Amended Complaint that the PoolTogether protocol generated any profit, that Defendants were capable of distributing the profits, if any existed, or that there was ever any agreement between any Defendants to share profits and losses.

The bZx Order further accepted that if the plaintiff sufficiently alleged that a defendant held the relevant governance tokens, then the plaintiff sufficiently alleged that that defendant is a partner in the alleged partnership.  bZx Order at 18-19.  Yet, Plaintiff here, in his opposition brief to Defendants' respective motion to dismiss, conceded that under New York law "mere possession of a POOL token does not necessarily make one a general partner … [and] one must *actively participate* in the governance of a business to be a general partner; the mere potential to do so is insufficient."  ECF No. 100-2 at 74 (emphasis in original).  The Second Amended Complaint here does not allege that most Defendants who held POOL tokens actually voted those POOL tokens to actively participate in the governance of the PoolTogether protocol—or otherwise actively participated in such governance.  Thus, even under the reasoning of the bZx Order, not all Defendants who held POOL tokens would be general partners.

Accordingly, the bZx Order does not change the inescapable conclusion that the PoolTogether protocol is not a general partnership subjecting certain Defendants to joint and

---

[2] The CFTC Settlement was attached to Plaintiff's first Notice of Supplemental Authority (ECF No. 118).

# Morrison Cohen LLP

April 12, 2023
Page 3

several liability.  For that reason and others (including but not limited to that the PoolTogether Protocol "lottery" did not violate GOL § 5-423 because users did not risk anything of value), all of Defendants' motions to dismiss should be granted.

Finally, the California decision actually supports Nascent US LLC and Nascent Limited Partnership's (together, "Nascent's") argument that this Court lacks personal jurisdiction over them.  *See* ECF No. 101.  The California district court dismissed defendant Tom Bean, even though he was alleged to be a general partner in the bZx DAO, for lack of sufficient contacts with California.  The district court held that, even if Bean were a general partner, allegations that he was aware that the co-founder of the protocol that controlled the DAO had moved to California and "intentionally communicated" with him about "partnership business" were "insufficient to make a prima facie showing of personal jurisdiction."  bZx Order at 23.  Here, Nascent was not a general partner in the protocol, and the Amended Complaint has alleged very minimal interactions in New York, *e.g.*, AC ¶¶ 121, 178-179, which are similar to those with Bean.  The California decision only further proves that the Amended Complaint's allegations are insufficient to establish personal jurisdiction over Nascent as a matter of law.

Respectfully submitted,

*/s/ Jason P. Gottlieb*

Jason P. Gottlieb

CC: All Counsel of Record (via ECF)